**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

**UNITED STATES OF AMERICA**                                 **PLAINTIFF**

v.                          **No. 4:17-cr-312-DPM-5**

**ROGER TUCKER**                                              **DEFENDANT**

## ORDER

Tucker moves for immediate release under 18 U.S.C. § 3582(c)(1)(A)(i) based on the ongoing COVID-19 pandemic and other health conditions. He has exhausted his administrative remedies, *Doc. 1158 at 19*, meaning he can seek relief from this Court. 18 U.S.C. § 3582(c)(1)(A). Tucker says he is more susceptible to the virus because he has suffered a stroke, has undergone a heart operation, and has other health issues like hypertension. Tucker's motion does not have details; it's unclear whether his conditions are severe enough to place him in the high-risk group. In any event, his motion fails.

The governing statute requires the Court to consider the § 3553(a) factors in deciding whether to grant compassionate release. 18 U.S.C. § 3582(c)(1)(A). Tucker was convicted of dealing a significant amount of drugs. He has a long history of manufacturing and dealing methamphetamine; his criminal history score was 26 and he is a career offender. And he committed the crime in this case while on parole. All of these facts resulted in a guideline range of fifteen years, eight months

to nineteen years, seven months.  But the Court varied down to a ten-year sentence in light of Tucker's poor heath and age.  And he has only been in custody for approximately a year.  Shortening this sentence further would not reflect the seriousness of Tucker's crimes, justly punish him, promote respect for the law, or promote deterrence.  All material things considered, the statute's remedy—reducing Tucker's sentence to time served—is not appropriate in this case.  His motion, *Doc. 1158*, is therefore denied.

So Ordered.

D.P. Marshall Jr.
United States District Judge

26 August 2022